Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IVETTE VELEZ,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **UNITED RECOVERY SYSTEMS,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

IVETTE VELEZ ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against UNITED RECOVERY SYSTEMS ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Mount Royal, New Jersey 08061.

6. Defendant is a debt collection company with its principal place of business located at 5800 N. Course Drive, Houston, Texas 77072.

7. Defendant provides call center, collections and debt purchase services to companies in the United States.

8. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

11. Beginning in or around February 2015 and continuing through March 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

12. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (267) 352-3277. The undersigned has confirmed that this number belongs to Defendant.

13. Further, Defendant never sent Plaintiff anything in writing to Plaintiff setting forth her rights pursuant to the FDCPA.

14. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

15. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

17. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff.

## COUNT III
### DEFENDANT VIOLATED § 1692f OF THE FDCPA

19. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

20. Defendant violated § 1692f when it continued to call Plaintiff on her cellular telephone and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## **DEFENDANT VIOLATED § 1692g OF THE FDCPA**

21. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, IVETTE VELEZ respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff IVETTE VELEZ, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: May 29, 2015          /s/ Amy L. Bennecoff Ginsburg
                             Amy L. Bennecoff Ginsburg
                             Kimmel & Silverman, P.C.
                             1930 East Marlton Pike, Suite Q29
                             Cherry Hill, NJ 08003
                             Telephone: (856) 429-8334
                             Facsimile: (877) 788-2864
                             Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT